## The City of Hiawatha v. Mary M. Warren.
### No. 464.*

1. Practice—*Poverty Affidavit—Notary Public.*   A poverty affidavit in the form prescribed by statute, sworn to before a notary public, filed with the petition in the office of the clerk of the district court, is a substantial compliance with the statute.

2. Personal Injuries—*Loss of Time—Instructions.*   In an action for personal injuries, where the petition alleges that the plaintiff became sick and unable to perform her duties from the time of the accident for a long period of time, such allegation is sufficiently broad to justify the court in instructing the jury that, "in addition to her right to recover for physical and mental suffering consequent upon the injuries sustained, she may recover as well for the loss of time resulting from the injuries."

Error from Brown district court; R. M. Emery, judge.   Opinion filed December 15, 1898.   Affirmed.

*W. F. Shale,* and *R. T. Herrick,* for plaintiff in error.

*Jas. Falloon,* for defendant in error.

The opinion of the court was delivered by

McElroy, J. :   This action was instituted in the district court of Brown county by the defendant in error, Mary M. Warren, against the city of Hiawatha, for damages on acount of alleged personal injuries sustained by her in falling on a defective sidewalk. The plaintiff filed her petition and a precipe for summons, and in lieu of a cost bond filed her affidavit setting forth that her cause of action was just, and that by reason of her poverty she was unable to give security for costs.   The defendant filed its motion to

---

*At the first hearing this case was reversed on the ground that the trial court improperly instructed the jury in regard to the credibility of witnesses.  A rehearing was granted, and the parties agreed that the record did not properly state the instruction which had caused the reversal.  No error being found in the record as corrected, the judgment of the trial court was affirmed.—Rep.

set aside the summons and service for the reasons that no security for costs had been given; that the poverty affidavit on file was not verified according to law; and that the summons was improvidently issued and served. This motion was overruled. Thereafter the defendant city filed its answer setting up a general denial and contributory negligence. The plaintiff's reply was a gene:al denial. A trial was had before the court and a jury, which resulted in a judgment for plaintiff in the sum of $108.50. The defendant, plaintiff in error, filed its motion for a new trial, which was overruled, and presents the case to this court for review.

The first assignment of error is that the court erred in overruling the motion of defendant to set aside the summons and the service thereof. The poverty affi-·davit was in the form prescribed by statute; it was subscribed by Mary M. Warren, sworn to by her before a notary public of Milwaukee county, Wisconsin, on the 20th day of December, 1894, and was filed with the petition in the office of the clerk of the district court on December 22, 1894. The plaintiff contends that the poverty affidavit must be sworn to before the clerk of the district court in which the action is brought, and in support of this contention we are referred to the case of *Warner v. Warner*, 11 Kan. 121. The authority cited is not in point. That was an action for divorce, and the petition was verified before the attorney of the plaintiff. When this question was before the supreme court in *Cole v. Hoeburg*, 36 Kan. 263, 13 Pac. 275, the court said:

"It is claimed that the court below erred in refusing to set aside the service of summons by publication, upon the ground that the poverty affidavit was not 'made before the clerk' of the district court. . . . It was sworn to before a justice of the peace,

Hiawatha v. Warren.

but was filed with the clerk of the district court.
.   .   .   And further, is not an affidavit filed with
the clerk of the district court, but sworn to before
some other officer, just as good as an affidavit filed
with such clerk and sworn to before him? The statute
does not in terms say that the affidavit shall be sworn
to before the clerk.   It simply says, ' that in any case
where the plaintiff or plaintiffs have a just cause of
action against the defendant or defendants, by reason
of his, her or their poverty, is or are unable to give
such security for costs, on affidavit of the plaintiff or
plaintiffs made before the clerk that such is the fact,
no bond shall be required.'   Now, may not an affida-
vit sworn to before some proper officer, and filed with
the clerk, be considered as an affidavit made before
the clerk?''

We think the poverty affidavit is a substantial com-
pliance with the statute, and that the court properly
overruled the motion to set aside the summons and
service. (Gen. Stat. 1897, ch. 95, §§ 355, 356; Gen.
Stat. 1889, ¶ ¶ 4439, 4440.)

The second assignment of error is that the court
erred in instructing the jury.   It is urged that the
court erred in instructing the jury that, ''in addition
to the right to recover for the mental and physical
suffering, the plaintiff might recover for loss of time
resulting from her injuries.''   The petition says the
plaintiff became sick and unable to perform her duties
from the time of the accident for a long period of
time.   The allegations of the petition were sufficiently
broad to justify a recovery for loss of time, if a re-
covery could be had under the evidence and law.

The judgment is affirmed.