## MARIE JEANE B. DE LASSUS, Appellant, v. WINN.

### Division Two, May 19, 1903.

1. **Ejectment:** PATENT: PLAT BOOK ENTRY. A patent is a better legal title than an entry. And a straight legal title from the original patentee of the United States is not impeached by entries on the plat book declaring some other person to be the owner.

2. ——: EQUITIES. One who has equities against her husband who held lands as her trustee and sold them to a third party, can not enforce them in an ejectment against his grantee.

3. ——: RECORDING DEED IN WRONG COUNTY. The recording of a deed in a county different from that in which the lands lay at the time of the record, imparts no notice to a subsequent purchaser, although the lands originally were within the bounds of the county in which the deed was recorded.

Appeal from Schuyler Circuit Court.—*Hon. E. R. McKee,* Judge.

AFFIRMED.

*Warren D. Isenberg* and *E. L. French* for appellant.

(1) The certificate number 152, and the patent based thereon, being to "Charles de Lassus, or his legal representatives," the legal effect of such patent and the certificate is paramount. Our courts say that the land was patented to the assignee or owner of the land at the time of the grant of the patent, or to the heirs of the deceased person who had made the entry, if he had not disposed of the land. But, if he had alienated it before the granting of the patent, then his alienee and those claiming under him take the title by virtue of the words, "or his legal representatives" in the patent as the first original purchaser. It is considered as a common-law grant to him who may be the owner. It must follow that August de Lassus, having conveyed the land before the issuance of the certificate and when the land was in Lincoln and Pike counties by the deed duly recorded there, had no title to the certificate or the land located by it at any time; and, a conveyance by him or by his heirs, would be as ineffectual to convey the land as if his name was not named in the grant. Kirk Heirs v. Green Heirs, 10 Mo. 253; Weir v. Bryan, 5 Mo. 147; Bryan v. Wear & Hickman, 4 Mo. 108; Page v. Hill, 11 Mo. 150; Hammond v. Johnson, 93 Mo. 198; McCamant v. Patterson, 36 Mo. 100; Allen v. King, 35 Mo. 216; Holm v. Strautman, 35 Mo. 293; Papin v. Massey, 27 Mo. 445; Callahan v. Davis, 90 Mo. 78; Block v. Morrison, 112 Mo. 354; U. S. R. S. 1878, sec. 2448. (2) (a) The rule is, when one claims through an instrument which leads him to another fact, he has notice of that fact. Sensenderfer v. Kemp, 83 Mo. 581; Wolfe v. Dyer, 95

Mo. 551. (b) Whatever is sufficient to put one on in-quiry is notice. Roan v. Winn, 93 Mo. 503; Patterson v. Booth, 103 Mo. 402; Bank v. Frame, 112 Mo. 502; Freeman v. Moffit, 119 Mo. 280. (c) One must take notice of all the recitals of his deed or of any deed in his chain of title. Tydings v. Pitcher, 82 Mo. 379. (d) Unrecorded deeds are notice when referred to by recitals and all their contents. Keen v. Schnedler, 92 Mo. 516. (e) One dealing with a trustee, admin-istrator or an executor, has notice of the instrument under which he acts. "Trustee for land is one by a writing." Story, Eq., sec. 400; Hagerman v. Sutton, 91 Mo. 519. (f) A party knows a fact when he makes title through an instrument which leads to that fact. Hagerman v. Sutton, 91 Mo. 519. (g) Knowledge putting one on inquiry is notice. Orrick v. Durham, 79 Mo. 174; Mason v. Black, 87 Mo. 341. (h) De-fendant having acquired title by a deed wherein a trust was recited, is required to pursue the inquiry to the *cestui que trust.* Wade on Notice, secs. 15, 17 and 18. (i) Defendant had notice of plaintiff's title. Even in a case where the land might have been patented to August de Lassus by name, when a deed is accepted, as in this case, as to the recited *cestui que trust,* de-fendant could not be an innocent purchaser. Wade on Notice, secs. 21, 30, 46, 63, 97, 308, 309, 311 and 313; Perry on Trusts, sec. 217. (3) (a) A deed re-corded where land is at the time of making is always notice. We have no statute requiring re-recording when a new county is made or the records of a county are burned. Geer v. Mo. L. & M. Co., 134 Mo. 85; Kirk Heirs v. Green Heirs, 10 Mo. 161; Page v. Hill, 11 Mo. 150; Papin v. Massey, 27 Mo. 445; Callahan v. Davis, 90 Mo. 78. (b) Defendant's deed from Au-gust de Lassus bears date April 28, 1883, at a time when the wife, in order to convey her own land or re-linquish dower, had to be made acquainted with the contents of the instrument, and acknowledge, on an

examination separate and apart from her husband, that she executed the same freely and without compulsion or undue influence of her husband. R. S. 1879, sec. 669; Laws 1883, p. 20. (c) August de Lassus, the husband, could not legally be the trustee for his wife for the purpose of conveying her land. Underhill on Trusts and Trustees, p. 409; R. S. 1879, sec. 669; Laws 1883, p. 20. (d) The only way in which a married woman could convey her land or relinquish dower, prior to July 1, 1883, was to have her husband join with her in such deed, and acknowledge the same according to the law at the time. R. S. 1879, sec. 669; Huff v. Price, 50 Mo. 228; City of Marshall v. Anderson, 78 Mo. 87; Martin v. Colburn, 88 Mo. 229; Brown v. Dressler, 125 Mo. 589. (e) A deed recorded thirty years is received as evidence without proof. So, in a deed by an attorney in fact, after twenty years the authority will be presumed. Crispen v. Hannavan, 72 Mo. 548; Viramendi v. Hutchins, 48 Tex. 552; Mills v. Herndon, 60 Tex. 357. (4) Plaintiff was under coverture for all the time defendant was in possession except the last nine years prior to filing suit. Dyer v. Witler, 89 Mo. 81; Throckmorten v. Pence, 121 Mo. 50. (5) (a) A new trial for newly-discovered evidence should have been granted. Mayor of Liberty v. Burns, 114 Mo. 425; Kuh v. Garvin, 125 Mo. 547; Mackin v. Railroad, 45 Mo. App. 62. (b) August de Lassus and Marie J. B. de Lassus were tenants by the entirety, and her rights to possession under the plat-book-entry title accrued only upon her husband's death, less than ten years before suit was filed. 17 Am. and Eng. Ency. Law (2 Ed.), p. 652.

*Higbee & Mills* for respondent.

(1) The patent to Charles de Hauet de Lassus or his legal representatives is regular on its face and is conclusive evidence of title in the patentee, and operates by relation from the filing of the certificate of

relocation. Between conflicting entries or locations, the patent must prevail. Carman v. Johnson, 20 Mo. 110; Gibson v. Chouteau, 13 Wall. 92; Griffith v. Deerfelt, 17 Mo. 31. (2) This is an action of ejectment. If plaintiff had any equities, she could not obtain redress in this proceeding. The plaintiff relied upon an entry as evidenced by the plat book. The defendant relied upon the patent. The patent must prevail. (3) The deed from August to McCarty (Sept. 7, 1843) was made after the creation of Schuyler county (Laws 1842-3, 56) and was recorded in Lincoln county in 1844. It contained no definite description. Hence, whatever this conveyance, or the Barnett deed to plaintiff set up in motion for new trial, may have been worth between the parties neither could affect defendant with notice. Alt v. Fullerton, 151 Mo. 598. (4) The motion for new trial alleged that since the trial plaintiff's attorneys have discovered material evidence, etc., to-wit, the record of a deed, purporting to have been executed by J. C. Denis, as attorney for plaintiff and her husband, October 1, 1855, under an unrecorded power of attorney, conveying this land to Louis Barnett; also record of deed from Barnett to plaintiff executed in 1867, recorded in Adair county, conveying all rights under certificate of relocation 152, not describing any lands. It, at most, would show a mere equity in plaintiff. There was no showing of diligence and it clearly appeared that plaintiff's attorney knew of these records before the trial and regarded them as unimportant. It was simply an afterthought, another theory, and disproved title in plaintiff, as the Denis conveyance was later than the alleged entry, July 2, 1855. (5) Appellant springs a fourth theory in point 2 of her brief; that defendant's deed charged him with notice that August held the title in trust for plaintiff. Placide de Lassus distinctly testified his father was not trustee for his mother, except for lands conveyed by Papin. In the deed to de-

fendant, August covenanted that he had title in fee, and as trustee for his wife he undertook to relinquish her dower. (6) While the plat book of original entries is admissible in evidence, it is not constructive notice. Hedrick v. Beeler, 110 Mo. 98. This quality attaches only to instruments recorded in the deed records and required to be recorded. Secs. 923-925, R. S. 1899. There is no evidence that the plat book was on file in 1883. The patent was recorded in the general land office. This was notice to the world (20 Am. and Eng. Ency. of Law [1 Ed.], 530) and was conclusive that the legal title vested in the patentee.

GANTT, P. J.—This is an action of ejectment for the south half of the southwest quarter of section 8, township 64, range 13, in Schuyler county, Missouri.

The suit was commenced October 1, 1898. The answer is a general denial and the further plea that defendant bought the land in 1883 in good faith, received a warranty deed therefor, and had made lasting and valuable improvements thereon, and paid all taxes, and praying for an accounting for the value of said improvements and taxes if plaintiff should recover.

The cause was tried in 1899, and judgment was rendered for defendant. Plaintiff appeals.

Plaintiff introduced in evidence the government plat book of entries showing the names of August D. de Lassus and Marie J. B. de Lassus on this tract, of date July 2, 1855.

Plaintiff then offered evidence of Placide de Lassus to the effect that August de Hault de Lassus was his father and husband of the plaintiff Marie, and that said August died in January, 1889. That plaintiff lived in Paris, France, and had lived there since 1848, apart from her husband. That said Au-

gust was trustee for his said wife for certain lands conveyed to him by Papin. ·

There was no evidence that the land in suit was ever conveyed to August by Papin, and there is no legal evidence that August ever held title to this land in trust for his wife, Marie, the plaintiff.

Defendant had been in possession for more than ten years before this action was commenced. Plaintiff's claim was that, by virtue of the entry, she and her husband August were tenants by the entireties. This was the case made in chief.

The defendant then read in evidence the patent from the United States to Charles de Hault de Lassus or his legal representatives to the land in suit under the act of Congress of July 4, 1836, issued·February 3, 1858. This patent recites a relocation on account of conflicts of previous sales and locations and reservations for school lands in ·section 16, township 54, range 3, and section 16, township 55, range 4. These interferences and sales included 22,423.55 acres in surveys numbered 13083 and 1684, but there is nothing to show where these surveys were. Governor Chas. de Hault de Lassus, the patentee, died about 1843, leaving August as his only son and heir at law. Defendant also read in evidence a sheriff's tax deed to August de Lassus and L. F. Cottey of date March 7, 1883, also a quitclaim by Cottey to said August of date April 28, 1883, and a warranty deed from August ·de Lassus of April 28, 1883, to defendant for the lands in suit. This deed in the premises recites that August de Hault de Lassus of St. Francois county, for himself and also as trustee for Marie J. B. de Lassus, is party of the first part, and Winn, the defendant, party of the second part. The covenants are all made by August de Lassus. The acknowledgment purports to convey the dower of said Marie.

Winn, the defendant, testified that the land was brush land when he bought it in 1883; that he cleared it and fenced it, and took actual possession that year and has ever since remained in possession; that he bought it in good faith, believing he was getting a perfect title. Was informed at the time that August was the trustee for his wife and empowered to sign her name. Never saw the plat book. Had no knowledge she claimed the land until this suit was brought.

In rebuttal, plaintiff offered in evidence a deed from August de Lassus to Louis Barthiamy McCarty, dated September 17, 1843, purporting to convey "all his right, title and interest in and to any and all lands he may own or have claim to lying in Missouri which have descended to me as a child and heir at law of Charles de Hault de Lassus, deceased, at New Orleans on the first day of last May and which lands are twenty thousand arpents on Salt river, granted by the Spanish government to said Charles de Lassus; the undivided half interest of about 30,000 arpents lying on or near Cuivre river, which land was confirmed in the name of McKay, the other half belonging to the heirs of McKay, and another tract lying near St. Genevieve and known by the name of LaFourche Armand." This deed was recorded in Pike county, May 6, 1844. The plaintiff also offered evidence tending to prove that said McCarty died without having ever married, and that plaintiff is a collateral heir to one-fourth of his estate.

A certified copy of the plat in the United States Land Office at Boonville of date May 1, 1899, showed this tract covered by a certificate in name of August and Marie de Lassus.

This was practically all the evidence. No instructions were asked or given and the court found for defendant.

Schuyler was organized from the northern portion of Adair county by act of the General Assembly, Feb-

ruary 17, 1843. [Laws 1842-3, p. 46.] Adair county was organized in 1841. Schuyler was never within the boundaries of either Lincoln or St. Charles.

While no instructions were asked or refused, it would seem that the judgment of the court could not have been other than it was.

The patent to Governor de Lassus or his legal representatives is regular on its face and conveyed the legal title to him and his heirs. August de Lassus is conceded on all sides to be the only heir at law of Governor de Lassus, and defendant holds by a warranty deed from said August. Thus defendant has a straight legal title from the original patentee from the United States. There is nothing whatever in the record to impeach this legal title except the entries on the plat book. It was ruled at an early day in this State that a patent is a better legal title than an entry. [Griffith v. Deerfelt, 17 Mo. 31; Bagnell v. Broderick, 13 Peters (U. S.) 436; Wilcox v. Jackson, 13 Pet. (U. S.) 498; Cunningham v. Snow, 82 Mo. 591.]

At most the recital in the deed that August de Lassus was trustee for his wife, was evidence of an equity in her, and by her own evidence she disproved any trust as to him in this land. This is an action of ejectment, and if plaintiff has any equities she can not enforce them in this form against a grantee in good faith holding the legal title.

The deed from August to McCarty of date September 7, 1843, was executed after the organization of Schuyler county, and was never recorded in Schuyler county, and the record of that deed in Lincoln county was inadmissible to show constructive notice in subsequent purchasers in Schuyler county. Constructive notice is a creature of the statute, and to be of any force the statute must be complied with. [Alt v. Fullerton, 151 Mo. 603.]

II.   There was no error in refusing a new trial on the ground of newly-discovered evidence, the purport of which was that, since the trial, plaintiff's attorneys had discovered the record of a deed purporting to have been made by J. C. Denis, as attorney in fact of plaintiff and her husband August de Lassus, October 1, 1855, under *an unrecorded* power of attorney conveying this land to one Barnett, and a deed from Barnett to plaintiff, executed in 1867, recorded in Adair county, conveying all rights under certificate of relocation number 152, not describing any lands. It quite satisfactorily appears that plaintiff's attorneys knew of this alleged conveyance *before* the trial, and if it had been offered would have carried no notice to defendant, who was shown to have been an innocent purchaser without actual or constructive notice of any of the contradictory claims asserted by plaintiff.

The judgment is affirmed.   All concur.