GRAHAM PAPER COMPANY, Appellant, v. SHERIDAN PUBLISHING CO., Respondent.

Kansas City Court of Appeals, June 30, 1913.

EQUITY: Sale of Assets by one Corporation to Another. The Kansas City Post Publishing Company was involved and owed something over $30,000. A new corporation, the Sheridan Publishing Company, bought all the assets of the old corporation at an agreed price of $35,000, but required the old corporation to make a list or schedule of all its debts and agree that the purchaser should use the $35,000 in paying these debts. Among those listed was one for nearly $5000 to plaintiff, but not the debt in suit, and the purchaser knew nothing of it. The scheduled debts were all paid and plaintiff received payment of its $5000 debt but said nothing about its other debt which was not a lien at that time. Defendant agreed to pay only those debts scheduled. *Held*, that there was no fraud, either actual or constructive, and that, under these circumstances, the assets of the old corporation were not a trust fund in the hands of the new for the payment of plaintiff's unpaid debt. *Held*, further, that, in view of plaintiff's acceptance of the money due on one debt and its silence as to the other, it is not in a position to be the object of much solicitude on the part of the chancellor.

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover*, Judge.

AFFIRMED.

*Jay Read* and *O. E. Robinson* for appellant.

(1) A new corporation which absorbs the assets of an old corporation, assumes the liabilities of the

latter. Bertholdt v. Land & Lumber Co., 91 Mo. App. 233. (2) The assets of a corporation are in the eye of equity a trust fund in which creditors have a right superior to stockholders as such. Corporate debts must be paid before shareholders may share in the corpus of the corporate estate. Barrie v. United Railways Co., 138 Mo. App. 557; Johnson v. United Railways Co., 152 S. W. 362. (3) When the director and principal officers of two corporations are . substantially identical, all transactions between them are prima facie fraudulent as against the rights of creditors, and when one corporation acquires all the assets of another corporation, issues its stock in exchange for the stock of the old company, and the old company ceases to be a going concern and the new company continues in the business, the new company receives the assets of the old company burdened by its liabilities. Such arrangement has the effect of distributing assets of the whole company among its stockholders to the exclusion of creditors. This cannot be done. The new company will by operation of law be held to have assumed and agreed to pay the debts of its vendor. Slatterly v. Transportation Co., 91 Mo. 217; Bertholdt v. Land & Lumber Co., 91 Mo. App. 233; Hageman v. Railroad, 202 Mo. 249; Warren v. Fertilizer Co., 145 Mo. App. 558; Barrie v. United Railways Co., 138 Mo. App. 557; Zimmerman & Guish Produce Co., 156 Mo. App. 588; Johnson v. United Railways Co., 152 S. W. 362.

*Johnson & Lucas* for the respondent.

(1) Appellant's sole reliance in this case rests on the opinion in the case of Berthold v. Lumber Co., 91 Mo. App. 233, which was fully considered by the learned trial judge who, applying the facts in the case at bar, preferred to follow the more recent opinion of this court of Zimmerman v. Produce Co., 156

Mo. App. 588, as the more just and equitable rule herein. The case at bar is ruled and controlled by the following cases: Vogelsong v. Plaster Co., 147 Mo. App. 589; Warren v. Junk Co., 145 Mo. App. 572; Burge v. Railroad, 100 Mo. App. 465; Zimmerman v. Rush, 137 S. W. 642; Hageman v. Railroad, 202 Mo. 249.

TRIMBLE, J.—This is a suit in equity by appellant, as a judgment creditor of the Kansas City Post Publishing Company, a corporation, against respondent, the Sheridan Publishing Company, another corporation, to subject its property to the payment of said judgment on the ground that the former corporation was merged into the latter, and that, having absorbed all the property of the former corporation, the latter corporation held said property and assets as a trust fund for the benefit of the creditors of said former corporation. The appellant seems to proceed on the theory that proof of the mere transfer by a corporation of all its assets to another corporation renders the latter liable for the debts of the former without regard to the facts constituting and surrounding the transfer. But, as will be seen later, the question whether the latter can be held for the debts of the former depends on the facts.

In this case the Kansas City Post Publishing Company was organized January 30, 1906, to publish the paper in Kansas City called "The Kansas City Post." This company became involved and owed different creditors various sums aggregating $33,746.56, but which amount did not include the indebtedness upon which appellant obtained the judgment referred to at the outset and specified below, and on which this suit rests. It did include, however, an indebtedness to appellant of $4992.45.

On November 23, 1906, the Sheridan Publishing Company was organized and incorporated. The stock-

holders of this corporation were not the same as those of the Kansas City Post Publishing Company. The stockholders of the latter are shown to have been O. D. Woodward, C. C. Courtney, A. O. Brooker and S. H. Ferguson, while those of the Sheridan Company were B. J. Sheridan, who owned $6600 of the stock, O. D. Woodward, who owned $3300, and George Kingsley, who owned $200 of stock. On December 3, 1906, the Post Publishing Company executed to the Sheridan Company a bill of sale of all its property for the consideration of $35,000; and simultaneously therewith the Sheridan Company executed an agreement to the Post Company reciting that whereas the Post Company has this day sold its property described in the bill of sale for $35,000, and whereas, there are certain debts owed by the Post Company enumerated in a certain schedule thereto attached, and whereas the Sheridan Company is not willing to pay said $35,000 to the Post Company, leaving said debts unpaid, therefore, it was agreed that, in consideration of the premises, the $35,000 should be used by the Sheridan Company in paying the debts enumerated in said schedule, and the Sheridan Company agreed to pay said debts and to turn over any balance left after doing so to the Post Publishing Company.

The schedule referred to in this agreement contained a list of debts to various creditors in various amounts aggregating $33,746.56, among which was a debt to appellant herein of $4992.45 but the indebtedness herein sued for was not included in said schedule. And there was evidence to the effect that it was not included in the schedule because the Post Company did not regard it as its obligation but had refused to recognize it because it was made prior to the incorporation of the Post Comapny. There is nothing to show, however, that the Sheridan Company knew of this debt.

Upon the execution of the bill of sale and the contract of December 3, 1906, the Sheridan Company took charge of all the property of the Post Company and used the $35,000 in paying off the debts mentioned in the schedule, and, in doing so, paid to appellant herein the $4992.45 listed as due it in the schedule. Appellant received said amount without making any objection over the nonpayment of the other alleged debt, and, in fact, did not make any claim for its payment or mention the existence of the other debt in any way. The payment of the debts in the schedule paid all the indebtedness of the Post Company except the alleged debt to appellant involved herein.

On January 25, 1909, over two years after the transfer, appellant recovered judgment against the Post Company for this other debt, amounting to $707.25, and on January 19, 1910, brought this suit to enforce it as a lien against the assets and property conveyed to the Sheridan Company.

There is no proof in the record anywhere as to the reasonable value of the property conveyed to the Sheridan Company, nor that the $35,000 paid was an inadequate price therefor. Presumptively the price was adequate. Fraud must be proved by the party charging it. The facts presented do not of themselves show fraud. They do not present a case where there was a fraudulent transfer of assets by one corporation to another to the injury and loss of a creditor of the former. On the contrary, the record shows a sale of the property of the former for the purpose of paying its debts, and a use of the purchase price by the purchaser to pay those debts, one of the largest of which (nearly $5000) was due and paid to appellent by respondent, and was received by appellant with no objection or mention of its other indebtedness. In other words, the transaction amounted to nothing more than the purchase of the property of one corporation by another in good faith, not for the purpose

of defrauding anyone or evading the payment of debts, but for the purpose of having them paid.

The facts of this case are wholly dissimilar to the facts in the cases of Bertholdt v. Land Co., 91 Mo. App. 233; Barrie v. United Railways Co., 138 Mo. App. 557 or Johnson v. United Railways, 152 S. W. 362. In the Bertholdt case the transfer was made after the institution of the suit by the creditor, and the transfer passed a vast amount of property to the succeeding corporation for which no consideration was paid at all. In fact the court held that there was no consideration paid nor sale made; simply an absorption by the new company of the old in which it was attempted to place the assets of the corporation beyond the reach of creditors. In the Barrie and Johnson cases the court found fraud of the most flagrant character; vast properties were turned over to the succeeding corporation without consideration and with no regard for the rights of creditors, and, in fact, for the purpose of defrauding them.

In the case before us there was an outright sale of the assets for an agreed price, and the consideration received was used to pay the creditors of the selling corporation, one of whom was appellant who accepted from the buying corporation its debt of nearly $5000 without saying a word about another debt it claimed to have. At the time of the transfer this other debt had not been sued on or reduced to judgment. There was, therefore, no lien inchoate or otherwise on the assets bought by the Sheridan Company, and the latter agreed to pay only those debts listed in the schedule. A corporation in failing circumstances may, in Missouri, prefer one creditor to another in discharging its obligations if such preference is made in good faith while the property of the company remains in its possession unaffected by liens or by process of law. [Alberger v. National Bank, 123 Mo. 313; Schufeldt v. Smith, 131 Mo. 280.] The

case at bar is similar to the one in Zimmerman v. Grush Produce Company, 156 Mo. App. 588, where it was held that a purchase of the assets of an old corporation by a new is not an absorption of the old, and in the absence of fraud, either actual or constructive, the new company is not liable for the obligations of the old. We fail to see how the case of Warren v. Fertilizer Co., 145 Mo. App. 558, helps appellant. That case holds that "while it is true in a general way that the assets of a corporation constitute a trust fund for the benefit of creditors, it is equally true that a corporation has the power to dispose of the whole or any part of its assets for value and in good faith; and that a purchaser takes such assets discharged of any trust in favor of the creditors of the selling corporation." And the court distinguished that case from those relied upon by appellant here by saying, on page 573: "The distinction lies in the fact that there is no evidence whatever tending to show that the transaction herein involved was carried out with any intention to defraud creditors." The trial court by its judgment found that there was no fraud in this case and we agree with that finding.

It is intimated, though not pressed upon our attention, that inasmuch as the price for the sale was $35,000, and the debts paid amounted to only $33,746.56, there is yet due the Post Company the sum of $1253.44. It is not clear whether there is this sum after paying the schedule debts with interest or not, nor, if so, whether it has been paid to the old corporation. If there is such sum belonging to the old corporation, either in the hands of the Sheridan Company or turned over to the stockholders of the Post Company, there is a method to reach it, but not in this suit.

We may add further that, while we do not decide whether, by accepting its debt of nearly $5000 without notifying respondent of the existence of its other

debt, appellant is estopped to attack the sale on the ground of fraud, yet we do say that, so far as any showing to the contrary on the part of appellant is concerned, the sale was presumptively for its benefit and with its consent, and, therefore, it is not in position to be the object of great solicitude on the part of a chancellor. The judgment is affirmed. All concur.