**UNION TRUST CO. v. HENDRICKSON et al.**

No. 8849—Opinion Filed April 16, 1918.

(172 Pac. 440.)

1. **Corporations—Ultra Vires—Objection by State.**

The state alone can question as ultra vires the acquiring title to and holding real property by a corporation.

**2. Corporations—Mortgage—Validity.**

A mortgage executed by a corporation to secure a loan, in the absence of fraud, is valid, notwithstanding the fact that the corporation at the time of the execution of such mortgage was insolvent.

**3. Notice—Constructive Notice—Record of Insurance Commissioner's Office.**

The records of the office of the state insurance commissioner pertaining to the status of an insurance company are not constructive notice of the contents thereof to one dealing with such insurance company.

(Syllabus by Pryor, C.)

Error from District Court, Oklahoma County; W. C. Crow, Assigned Judge.

Action by W. B. Hendrickson and others against the Union Trust Company. Judgment for plaintiff Hendrickson, and defendant brings error. Reversed and remanded, with directions to enter judgment for defendant and against plaintiff.

Ames, Chambers, Lowe & Richardson, for plaintiff in error.

Embry, Crockett & Johnson, for Oklahoma Fire Ins. Co.

Stuart, Cruce & Cruce, for Occidental Fire Ins. Co.

West & Hagan, for Mollie N. Hendrickson, Adm'x, etc., M. C. Reddington, L. S. Johnson, General Bonding & Casualty Co., A. L. Welch, Ins. Com'r of Oklahoma, Marie Kimpel, and J. A. Baker.

Opinion by PRYOR, C. This action was commenced by W. B. Hendrickson, one of the defendants in error, against the Union Trust Company, a corporation, plaintiff in error, in the district court of Oklahoma county, to cancel a certain mortgage executed by the Oklahoma Fire Insurance Company to the Union Trust Company, to secure the payment of a loan of $56,000.

The facts necessary to determine the questions brought up here are: That on the 12th day of April, 1912, the Oklahoma Fire Insurance Company borrowed $56,000 from the Union Trust Company, and executed 56 negotiable notes in the sum of $1,000 each, and executed the mortgage in controversy on lots 1 and 2, in block No. 20, Oklahoma City, Okla., to secure payment of said sum. The plaintiff Hendrickson is a judgment creditor of the Oklahoma Fire Insurance Company and seeks to have the mortgage canceled and the property covered by said mortgage rendered subject to his judgment

claim. The plaintiff urges as grounds for cancellation of the said mortgage that the action of acquiring and holding title to said property by the said Oklahoma Fire Insurance Company was ultra vires; that at the time of the execution of said mortgage the said Oklahoma Fire Insurance Company was insolvent and in process of liquidation; that said mortgage was made for the purpose of defrauding the creditors of said Oklahoma Fire Insurance Company. It also appears that the Union Trust Company had a judgment against the fire insurance company, for the foreclosure of its mortgage, and was proceeding to sell said property. The plaintiff also asks that the sale of said property be enjoined and that a receiver be appointed to take charge of said property. The trial court rendered judgment in favor of the plaintiff Hendrickson, canceling and annulling the mortgage and appointing a receiver to take charge of the property. From this judgment the Union Trust Company appeals.

The questions involved on appeal may be stated, generally, that the judgment of the trial court is not sustained by the law and the evidence.

The principal grounds urged in the trial court by plaintiff to have the mortgage canceled were: (1) That the act of the Oklahoma Fire Insurance Company in acquiring and holding title to said real estate was ultra vires; (2) that the Oklahoma Fire Insurance Company was insolvent, and that the mortgage of said real estate to the Union Trust Company by the Oklahoma Fire Insurance Company was preferred credit; (3) that at the time of the execution of said mortgage said Oklahoma Fire Insurance Company was insolvent and in the process of liquidation; (4) that the records of the office of the insurance commissioner show that the Oklahoma Fire Insurance Company was insolvent and in the process of liquidation, and that such records were constructive notice to the defendant the Union Trust Company.

It is hard to conceive the reason for the plaintiff's interposing the ground that the acts of the corporation the Oklahoma Fire Insurance Company in acquiring title to the real estate involved were ultra vires, and that the fire insurance company acquired no title to said property. To have such acts declared void by the court certainly would not be any benefit to the plaintiff, as it would have the effect of decreasing the assets of the company subject to the payment of the liabilities of said company rather than increasing its assets; but whatever the purpose of the plaintiff might be, or whether

or not the acts of the fire insurance company in acquiring and holding the property affects his rights or are ultra vires, it is not necessary to determine. as this question can be disposed of on other grounds.

The law seems to be well established by the great weight of authority that, if a corporation is not authorized to acquire real estate except in a limited amount for prescribed purposes, the acquisition of additional property cannot be questioned by a private individual, but can only be questioned by the state. Thompson on Corporations (2d Ed.) § § 2840, 2390; Russell et al. v. Tex. & Pac. Ry. Co., 68 Tex. 646, 5 S. W. 686; Southern Pac. R. Co. v. Orton (C. C.) 32 Fed. 457; Natoma Water & Mining Co. v. Clarkin, 14 Cal. 544; Louisville School Board v. King, 127 Ky. 824, 107 S. W. 247, 15 L. R. A. (N. S.) 379: Clark & Marshall on Corporations, § 228.

The next contention is that said mortgage is invalid for the reason that the Oklahoma Fire Insurance Company was insolvent at the time of its execution.

It is undisputed that the Oklahoma Fire Insurance Company negotiated the loan and procured $56,000, secured by mortgage, for the purpose of paying pressing obligations; but, giving the acts of the corporation the construction of preferring creditors, it would not render the mortgage invalid. In the absence of an express provision in its charter, or statutory restrictions, an insolvent corporation has the same right to prefer its creditors and to pay its obligations as an individual has, and if this be construed as preferring creditors, it does not render the mortgage invalid. R. C. L. vol. 7, p. 755, § 771: Thompson on Corporations (2d Ed.) § 6169; Clark & Marshall on Corporations, § 780: Cook on Corporations, § 691; Gould v. Little Rock, etc., Ry. Co. (C. C.) 52 Fed. 680: Bank of Montreal v. J. E. Potts, 90 Mich. 345, 51 N. W. 512; Rollins v. Shaver Wagon & Carriage Co., 80 Iowa, 380, 45 N. W. 1037, 20 Am. St. Rep. 427; Alberger. et al. v. National Bank of Commerce et al., 123 Mo. 313, 27 S. W. 657: Bergen v. Porpoise Fishing Co., 42 N. J. Eq. 397, 8 Atl. 523; Wilkinson v. Bauerle, 41 N. J. Eq. 635, 7 Atl. 514; American Exchange Bank v. Ward, 111 Fed. 782, 49 C. C. A. 611, 55 L. R. A. 356; Pyles v. Riverside Furn. Co., 30 W. Va. 123, 2 S. E. 909; Graham Paper Co. v. Sheridan Pub. Co., 172 Mo. App. 495, 158 S. W. 92; Grand De Tour Plow Co. v. Rude Bros. Mfg. Co., 60 Kan. 145, 55 Pac. 484; National Bank of Commerce v. Allen, 90 Fed. 545, 33 C. C. A. 169.

It was urged by the plaintiff in the trial court that the Oklahoma Fire Insurance Company at the time of the execution of the mortgage to the Union Trust Company had knowledge of this fact. The evidence principally relied upon by the plaintiff to establish the knowledge on the part of the Union Trust Company that said insurance company was in the process of liquidation was the records of the state insurance commissioner. It was shown that, a few days before the mortgage was executed, the state insurance commissioner had investigated the assets and financial condition of the company, and the commissioner had transmitted a copy of his report and findings to said insurance company, demanding that it proceed at once to repair its assets in order to protect policy holders, or to cease doing business and proceed to liquidate.

The law is universally settled that constructive notice is a statutory creature, and, in the absence of a statute making the record of a public office constructive notice, such record is not notice to persons dealing with the subject-matter to which such records have reference, "but the matter of constructive notice from the record is entirely a creation of statute, and no record will operate to give constructive notice unless such effect has been given to it by some statutory provision." 24 Am. & Eng. Enc. of Law (2d. Ed.) 144; Rice Stix & Co. v. Sally. 176 Mo. 107, 75 S. W. 398; Dee Lassus v. Winn, 174 Mo. 636, 74 S. W. 635; Lewis v. Johnson, 68 Tex. 448, 4 S. W. 644; Bourland v. County of Peoria, 16 Ill. 538: Betser v. Rankin, 77 Ill. 293.

It must be held therefore that the Union Trust Company was not charged with the contents of the record of the office of the state insurance commissioner relative to the financial condition of the fire insurance company.

The plaintiff also relied upon the testimony of Mr. Galbreath in regard to his informing Mr. Johnson, who acted as agent for the Union Trust Company, in making said loan, as to the financial condition of the fire insurance company. The plaintiff sought to establish by this witness that the Union Trust Company had knowledge of the status of said insurance company at the time of the execution of the mortgage, by reason of certain conversations between the witness Galbreath and Mr. Johnson. The witness does not attempt to detail any particulars of the purported conversation and does not testify to any specific facts stated to Mr. Johnson which would convey any knowledge to Mr. Johnson as to the condition of said company. There is nothing certain or positive about his testimony.

On the other hand, Mr. Johnson testified positively that there was no conversation between himself and Mr. Galbreath concerning the financial conditions or status of said insurance company, or any intimation of the condition of said company which would lead to an inquiry as to its financial condition, or that said company was in the process of liquidation.

The evidence showed that, at the time of the execution of said mortgage, the Oklahoma Fire Insurance Company was still a going concern and ceased doing business subsequent to the execution of said mortgage. The evidence of the plaintiff clearly fails to establish the fact that the insurance company was in the process of liquidation at the time of the execution of said mortgage, and that the Union Trust Company had knowledge of the condition of said company, or that said company was in the process of liquidation. There is nothing in the record that tends in the slightest degree to show that the transaction between the Oklahoma Fire Insurance Company and the Union Trust Company, whereby the Union Trust Company loaned the fire insurance company $56,000 and gave the mortgage in question to secure the payment of same, was fraudulent. On the other hand, the record affirmatively shows that the transaction was fair, and that the Union Trust Company made the loan in good faith, and that the funds derived from said loan were used for legitimate purposes, and that there was no bad faith on the part of either of the parties to the transaction, the fire insurance company or the loan company.

It must be held that the plaintiff failed to establish grounds sufficient to invalidate said mortgage and failed to sustain his cause of action to have same canceled and set aside.

Upon the record, this case should be reversed and remanded, with directions to the trial court to enter judgment in favor of the defendant the Union Trust Company, and against the plaintiff, denying the relief sought by plaintiff.

By the Court: It is so ordered.