## WINTER v. SCHNEIDER.

No. 17398—Opinion Filed Dec. 14, 1926.

1. **Mortgages—School Lands—Constructive Notice—Record—Lis Pendens.**

A purchaser of certificates of purchase of state school lands, from an assignee of the original certificate holder is bound by the record of a mortgage covering such lands which is recorded in the county where the lands are situated, and by the record of a foreclosure proceeding on said mortgage commenced and pending at the time of his purchase.

2. **Same.**

In such case the fact that such mortgage was not filed for record in the School Land Department until after his purchase of the certificates does not constitute him an innocent purchaser for value without notice.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Cimarron County: Arthur G. Sutton, Judge.

Action by J. Montgomery Schneider to foreclose a mortgage upon real estate. Simon Winter was made a party defendant upon order of the court. From a decree foreclosing plaintiff's mortgage, the defendant, Simon Winter, brings error. Affirmed.

This action was commenced by plaintiff filing his petition in the district court of Cimarron county against Arthur Gilbert and others to foreclose a mortgage executed by Gilbert upon certain lands described in plaintiff's petition. Upon order of the court Simon Winter was made a party defendant and duly filed his answer in the cause. After the issues were made up the case was tried to the court upon an agreed statement of facts, the substance of which may be stated thus:

Arthur Gilbert owned certificates of purchase from the Commissioners of the Land Office of the state of Oklahoma covering the lands here involved, and on February 3, 1923, mortgaged the same as a single man to F. B. Collins Investment Company to secure the payment of a promissory note for $2,500, due March 1, 1930, with interest payable annually. February 21, 1923, F. B. Collins Investment Company for value assigned said note and mortgage securing the same to the plaintiff, J. Montgomery Schneider, the mortgage and the assignment thereof both being placed on record in Cimarron county. June 27, 1923, Arthur Gilbert assigned his purchase certificates to the land to one John L. Gilson, and Gilson, on May 3, 1924, assigned his purchase certificates to I. L. Innis, and Innis, on August 2, 1924, assigned his purchase certificates to Simon Winter, all of said assignments being approved by the Commissioners of the Land Office of the state of Oklahoma. On March 24, 1924, plaintiff filed his petition to foreclose his mortgage in the instant case. Plaintiff's mortgage was not recorded in the office of the Commissioners of the Land Office until October 1, 1924, but was of record in Cimarron county at all times after February 13, 1923, and his assignment of said mortgage was of record in Cimarron county at all times after June 5, 1923. Simon Winter, at the time he took the assignment of the purchase certificates from I. L. Innis, had no actual notice of plaintiff's' mortgage and only such constructive notice thereof as was imparted by the records of Cimarron county, and by the record of the district court in this action. The terms and conditions of plaintiff's mortgage had been breached at the time that the instant action was commenced.

There was judgment for the plaintiff for foreclosure of his mortgage, and after unsuccessful motion for new trial defendant, Simon Winter, has brought the case to this court by petition in error with case-made attached.

Roscoe Rizley, Porter H. Morgan, and Harlan T. Deupree, for plaintiff in error.

Pearson & Pearson, for defendant in error.

Opinion by LOGSDON, C. For reversal of this case defendant relies upon one proposition, which is:

"That the trial court erred in holding that one purchasing school land through the Land Department is bound by the record of a mortgage which is not recorded in the office of the School Land Department."

In his argument under this proposition defendant cites and quotes sections 9331, 9385, and 9396, Comp. Stat. 1921, and insists that these sections have application to the mortgage in the instant case. These identical sections have been heretofore considered by this court in the case of First National Bank of Butler v. Welch et al., 119 Okla. 270, 250 Pac. 100, and it was there pointed out and held that neither of these sections has any reference or application to mortgages given upon school lands after sale thereof by the Commissioners of the Land Office. In this connection defendant stated in his brief:

"In this case the mortgage given to the Collins Investment Co., and by them assigned to the plaintiff, is not in fact what it purports to be. It purports to be a mortgage given by one who is the legal owner of the land, but Gilbert, who gave the mortgage, was not in fact the owner of the land described. That land belonged to the state of Oklahoma, and he held a certificate of purchase which provided by its terms that upon payment of certain sums of money a patent would be issued to him for this land, and that the balance which was due the state of Oklahoma should be the first lien upon it."

It is clear from an examination and consideration of the above sections of the statute that defendant is in error in placing such a construction upon the language there used and that, as stated in the Welsh Case, supra, these sections have reference only to leases and not to mortgages. Defendant's contention that the title to the lands here involved was not in the holder of the certificate has been determined adversely to defendant in the Welch Case, supra, where this court, construing sections 9321 and 9326, Id., together, held:

"It is clear from these provisions of the statute that the purchaser of school lands becomes the owner subject to the state's lien for deferred payments and the registration of the certificate of purchase is notice of such ownership."

After reviewing the facts in the Welch Case this court further stated in that opinion its holding as to the effect of section 9326, Id., as follows:

"Section 9326, C. S. 1921, provides that the state shall have the first lien upon all lands sold, together with all improvements and appurtenances thereunto belonging until all payments, both principal and interest, are made, and, upon such payments being made, the Commissioners of the Land Office shall execute to each purchaser a patent in fee simple. When the amount due the state was paid and patent issued, it was not a purchase and sale of the land. The land was sold to McFarland by the state when he made the initial payment, executed his notes to the state for deferred payments, and received the certificate of purchase. The land then became taxable as the property of McFarland."

In the instant case there was attached to the agreed statement of facts certain exhibits which were referred to and made a part of the statement of facts to the same extent and with the same effect as if said exhibits had been copied in full therein. "Exhibit A" so attached and made part of the statement of facts is the application of Arthur Gilbert to F. B. Collins Investment Company for a loan. In said application it is shown that the land was purchased from the state, that the purchase price was $3,200, that $2,400 of the purchase price had been paid, and that there was then a lien upon said lands in favor of the state for the balance of $800, with the interest accruing thereon.

Defendant relied upon Rule 6 of the rules and regulations promulgated by the Commissioners of the Land Office under authority of section 9401, Id. Rule 6 reads:

"In the event the purchaser desires to mortgage his interest in and to the land and improvements, such mortgage must be executed and acknowledged on the form approved by the Department, and f led with the Department within thirty days after the execution thereof, and pay a fee of $1.00 therefor. No mortgage accepted if mortgagor is in arrears of any payment, principal or interest, due to the state or for taxes."

By reason of this rule and the agreed fact that at the date of the purchase by defendant of the certificates covering this land on August 2, 1924, plaintiff's mortgage had not been filed with the department, nor the

filing fee therefor paid, it is argued that such failure to comply with Rule 6 constituted defendant an innocent purchaser without notice, and that he was not bound by the constructive notice imparted to him by the record of the mortgage in Cimarron county, nor by the records of the district court of that county in the instant action. In the Welch Case, supra, the first paragraph of the syllabus reads:

"A mortgage on land sold by the state, executed by the holder of the certificate of purchase, and filed in the office of the Commissioners of the Land Office is not constructive notice to subsequent purchasers in good faith (Comp. Stat. 1921, secs. 9331, 9385, and 9396)."

In the body of that opinion the discussion covered by paragraph one of the syllabus is in this language:

"The payment to the state by Smith and associates was merely in satisfaction of the state's lien for the balance of the purchase price agreed to be pa'd by McFarland. For these reasons we think Smith, Sumrall, Mitche'l and Fariss purchased the land from McFarland without notice either actual or constructive, and the land was not impressed with the bank's mortgage lien in their hands."

In that case the bank's mortgage had been duly filed with the department in compliance with Rule 6, supra, but had not been recorded in the county where the land was situated. In the instant case the mortgage was properly recorded and the assignment thereof to the plaintiff was properly recorded in the county where the land was situated, and action to foreclose that mortgage for breach of its terms and conditions had been commenced and was pending at the time defendant purchased the certificates. Plaintiff complied with the requirements of Rule 6 by filing his mortgage for record with the department on October 1, 1924, which was more than 12 months before the case was called for trial. Rule 6 and the other rules and regulations promulgated by the department are nothing more nor less than what they purport to be, i. e., rules and regulations to be observed by lessees and purchasers. A failure to observe such rules and regulations may result in delay in the approval of leases or in the issuance of certificates or of patents, but when fully complied with at any time, and approved by the department, can entail no penalty or forfeiture by reason of delay in such compliance.

It must be held that the contentions of defendant upon both theories of his argument in support of his proposition for reversal are without substantial merit, and that the decree of the trial court is correct and must be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 C. J. p. 20, §19; 32 Cyc. p. 1098; 39 Cyc. p. 1733. (3) 32 Cyc. p.1098; 39 Cyc. p. 1733.