JOHNSON et al. v. FARMERS' UNION CO-OP. ROYALTY CO. et al.

No. 34556.   Dec. 11, 1951.

*238 P. 2d 831.*

Robinson & Oden, Altus, for plaintiffs in error.

Tomerlin, High & Mark and Howell & Smith, Oklahoma City, for defendants in error.

HALLEY, V. C. J. This action is based upon the following stipulated facts: On September 17, 1917, the Commissioners of the Land Office of the State of Oklahoma issued a certificate of purchase to Joe Osborn covering the SW/4 of Sec. 13-3N-24W, Harmon county, Oklahoma. The certificate was not filed in the office of the county clerk of Harmon county until February 7, 1944.

On October 10, 1930, Joe Osborn and wife conveyed by mineral deed all of the oil, gas, and other minerals in and under the SE/4 SW/4 of Sec. 13-3N-24W to plaintiffs, and this mineral deed was filed for record February 12, 1931, in the office of the county clerk of Harmon county.

On August 5, 1947, defendants, Frankie J. and Othelda Johnson, without actual notice of the above-described mineral deed, purchased from Joe Osborn the certificate of purchase. They later presented this certificate to the Commissioners of the Land Office, paid the balance due the state, and on Oc-

tober 28, 1947, received a patent conveying to them a fee-simple title to the entire SW/4 above mentioned.

The plaintiffs, Farmers' Union Co-Operative Royalty Company and Flag Oil Company, brought this action in the district court of Harmon county, alleging the above facts and praying that it be adjudged that defendants, by their patent, held title to the minerals under the SE/4 SW/4 as trustees for plaintiffs, declaring such trust terminated, and quieting title to such 40-acre mineral interest in the plaintiffs.

Defendants, Frankie J. and Othelda Johnson, answered by general denial, and by cross-petition prayed for judgment quieting title to all of the SW/4 in them and removing the cloud cast upon their title by the claims of plaintiffs. They set up their patent dated October 28, 1947, and alleged that they had no notice, actual or constructive, of plaintiffs' claim when they acquired from John Osborn the certificate of purchase; that the mineral deed under which plaintiffs claim did not constitute constructive notice, because it was not filed with the Commissioners of the Land Office as provided by Paragraph 7 of the certificate of purchase.

Judgment was rendered for plaintiffs, and defendants have appealed. We shall refer to the parties as "plaintiffs" and "defendants", as they appeared in the trial court.

There is only one issue submitted. It is expressed in the simple question of whether or not the filing for record of the mineral deed to plaintiffs in the office of the county clerk of Harmon county constituted constructive notice of plaintiff's claim to the minerals in the SE/4 SW/4. If it did, plaintiffs were entitled to recover. If not, defendants should prevail.

It is firmly established that "constructive notice" is a creation of statute, and that no record will operate to give constructive notice unless such effect has been given it by some statutory provision. 46 C.J., par. 46, p. 550;

Union Trust Co. v. Hendrickson, 69 Okla. 277, 172 P. 440; Lyon v. Davis, 95 F. 2d 103.

Sec. 16, Title 16, O.S. 1941, is as follows:

"Every conveyance of real property acknowledged or approved, certified and recorded as prescribed by law from the time it is filed with the register of deeds for record is constructive notice of the contents thereof to subsequent purchasers, mortgagees, encumbrancers or creditors."

Defendants urge that the clause in the above statute "certified and recorded as prescribed by law" is entitled to special consideration with respect to our statutes relating to public lands, as set out in sec. 192, Title 64, O.S. 1941, as follows:

"All purchasers, lessees, or holders of any of the public lands of this State shall take the same, subject to the conditions of this Article; and all certificates, contracts or written evidence issued to any purchaser shall recite that the same is taken and accepted subject to all the conditions of this article."

It is also provided in sec. 191, Title 64, O.S. 1941, as follows:

"Any purchaser of lands under the provisions of this act shall have the right to transfer or assign all his rights, title and interest in and to such lands, and such assignment shall be in form and executed and acknowledged as required under the laws governing conveyances; provided, before delivery of patent, such assignment, to be valid, shall be duly recorded in a proper book, kept for that purpose by the Commissioners of the Land Office; . . . ."

Paragraph 7 of the certificate of purchase is as follows:

"The holder hereof shall have the right to transfer or assign all his right, title and interest in and to said land and improvements, but no transfer or assignment thereof shall be valid or of any force or effect unless made in conformity with the rules and regulations of the Commissioners of the Land Office of said State, and recorded in the office of the Commissioners at the Capitol of said State."

Defendants contend that the recording of the mineral deed in the office of the county clerk did not constitute constructive notice, because it was not "approved or certified as prescribed by law" and filed in the office of the Commissioners. The certificate of purchase does provide that no transfer or assignment of a certificate of purchase shall be valid or effective unless made in conformity with the rules and regulations of the Commissioners of the Land Office and recorded therein.

It is admitted by defendants that this court has heretofore held contrary to their contention, but they claim that the provision of the certificate of purchase above quoted has not been given a proper interpretation.

In First National Bank of Butler v. Welch, 119 Okla. 270, 250 P. 100, the holder of a certificate of purchase executed a mortgage to the bank, but the mortgage was not recorded in the office of the county clerk of Roger Mills county, where the land was located. Thereafter the holder of the certificate of purchase assigned it to one Smith and associates, who, ignorant of the bank's mortgage, paid the balance due the state and were informed of the bank's mortgage, which was filed in the office of the Commissioners. Smith and associates secured a patent upon payment of the balance due the state. Welch acquired the interest of Smith and associates, and sued to quiet title as against the bank mortgage. This court held that the filing of the mortgage with the Commission did not constitute constructive notice, regardless of the provision for such filing in sec. 191, Title 64, O.S. 1941. In Winter v. Schneider, 120 Okla. 299, 251 P. 609, Arthur Gilbert owned a certificate of purchase, and on February 3, 1923, executed a note and mortgage on the land for $2,500 due March 1, 1930. The mortgagee assigned the note and mortgage to Schneider. The note and mortgage and assignment thereof were placed of record in Cimarron county. On June 27, 1923, the certificate of purchase was assigned by Arthur Gilbert to John L.

Gilson, who assigned to one McInnis, and on August 2, 1924, he assigned the certificate of purchase to Simon Winter. All of the assignments were approved by the Commissioners of the Land Office. On March 24, 1924, Schneider filed an action to foreclose his mortgage, which had never been recorded in the office of the Commissioners of the Land Office, but was so recorded on October 1, 1924. It was of record in the office of the county clerk of Cimarron county after February 13, 1923, and the assignment of the mortgage was so recorded on June 5, 1923. The court held that the failure to record the mortgage in the office of the Commissioners of the Land Office did not operate to prevent it from constituting constructive notice to purchasers of the certificate of purchase, since the mortgage was of record in the office of the county clerk of the county in which the land was located. The purchaser of the certificate had no actual notice of the mortgage and had only such constructive notice as was imparted by the records of Cimarron county and the court records of the foreclosure action. The rule is announced in the first and second syllabus as follows:

"A purchaser of certificates of purchase of state school lands from an assignee of the original certificate holder is bound by the record of a mortgage covering such lands, which is recorded in the county where the lands are situated, and by the record of a foreclosure proceeding on said mortgage, commenced and pending at the time of his purchase.

"In such case, the fact that such mortgage was not filed for record in the school land department until after his purchase of the certificates does not constitute him an innocent purchaser for value without notice."

In the Winter case, the court followed the rule announced in First National Bank of Butler v. Welch, supra, and quoted from that case as follows:

"It is clear from these provisions of the statute that the purchaser of school lands becomes the owner subject to the

state's lien for deferred payments, and the registration of the certificate of purchase is notice of such ownership."

In Stevens v. Patten, 174 Okla. 582, 50 P. 2d 1106, a Mrs. Frazier took a certificate of title in 1915. In 1920 she conveyed a 1/5 interest in the land by quitclaim deed to one Foster, which was recorded in the office of the county clerk of Logan county, where the land was located, in November, 1924. Before all of the certificate of purchase payments were made, Mrs. Frazier died, leaving the land to certain heirs. A decree of distribution was fraudulently obtained by Mary Clark, who had in fact bought the interest of some of the heirs. Mary Clark paid the balance due the state and obtained a patent. She married John Stevens, who had furnished her money to buy the interest of certain heirs of Mrs. Frazier, and conveyed the land to him by warranty deed. John Stevens brought suit to quiet title as against the 1/5 interest conveyed to Foster by Mrs. Frazier during her lifetime. The court held that the recording of the deed to Foster in the office of the county clerk of the county where the land was situated constituted constructive notice to Stevens, despite the fact that the deed had no been approved by or filed with the Commissioners of the Land Office prior to the issuance of the patent. In the body of the opinion, the court said:

"Having secured a certificate of purchase for the land from the Land Office, and made some of the payments thereon, Ella P. Frazier thereby became the owner of an equitable estate in said land, which could ripen into a full legal title upon completing the payments under contract and securing patent. . . .

"Ella P. Frazier conveyed an undivided one-fifth interest in the land by deed to Emery A. Foster in her lifetime, which deed was duly placed of record in Logan county. This she had a right to do."

Further in the opinion, the following statement was made:

" . . . Foster had not filed his quitclaim deed with Land Office but under the record plaintiff must have had both actual and constructive notice of Foster's deed outstanding and not released, and plaintiff was charged in law to inquire of Foster before making purchase of the land. . . ."

We have examined the case of Lucia v. Schaefer, 109 Okla. 167, 233 P. 444, and find that it does not support the contentions of defendants.

It necessarily follows that if the filing of a mortgage in the office of the Commissioners of the Land Office does not constitute constructive notice to subsequent purchasers of the certificate of purchase, as held in the Welch case, supra, and if the filing of a mortgage in the office of the county clerk of the county where the land is located does constitute constructive notice, as held in the Winter case, supra, and if the recording of a conveyance of an undivided interest by a certificate holder in the office of the county clerk of the county wherein the land is situated, but not with the Commissioners of the Land Office, constitutes constructive notice to subsequent purchasers, as held in Stevens v. Patten, supra, then the recording of the mineral deed of defendants in the office of the county clerk of the county where the land is situated, but not with the Commissioners of the Land Office, constituted constructive notice, and plaintiffs were entitled to have their title quieted, as was done by the trial court.

The judgment is affirmed.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.