BERRYMAN et al. v. PRODUCERS CORP. OF NEVADA et al.

No. 34681.   Feb. 12, 1952.

*240 P. 2d 1111.*

Marshall Word, Arnett, for plaintiffs in error.

Emmett A. Klem, Shattuck, for defendants in error.

HALLEY, V. C. J.   This is an action by Jerome Charles Berryman and others against the Producers Corporation of Nevada and others to quiet title to 160 acres of land in Ellis county, Oklahoma.   All of the defendants defaulted except the Producers Corporation of Nevada and William S. Bailey, Jr.

The case was submitted to the court on a stipulation of facts.

On September 17, 1912, Anna Cadwell secured a certificate of purchase from the Commissioners of the Land Office. This certificate was recorded in the office of the county clerk of Ellis county and with the Commissioners.

On June 24, 1926, Anna Cadwell conveyed a one-half interest in the minerals to W. C. Josey, and this mineral deed was filed for record September 6, 1926, in the office of the county clerk of Ellis county.   By mesne conveyances the Producers Corporation of Nevada acquired 49/160ths and Willian S. Bailey, Jr., an undivided 1/16th interest in the one-half mineral interest originally conveyed to W. C. Josey.

On October 15, 1931, Anna Cadwell conveyed all of her interest in the certificate to E. B. Smart, and such transfer was filed with and approved by the Commissioners of the Land Office.

On July 19, 1932, E. B. Smart surrendered the original certificate of pur-

chase to the Commissioners and secured a new certificate, which was filed in the office of the county clerk of Ellis county on September 27, 1932. Thereafter, E. B. Smart paid the balance due the state and secured a patent, which was filed for record in the office of the county clerk of Ellis county.

Subsequently, on October 5, 1932, E. B. Smart conveyed the land to J. W. Berryman, and J. W. Berryman et ux. conveyed by deed to Jerome Charles Berryman and others.

It was stipulated that plaintiffs had no actual knowledge, as distinguished from constructive notice, of the outstanding mineral interests of the two defendants above named at the time they acquired a deed to the land from J. W. Berryman on August 5, 1935, and that J. W. Berryman likewise had no actual knowledge, as distinguished from constructive notice, of the outstanding mineral interests of defendants at the time he purchased the land from E. B. Smart on October 5, 1932.

The court found that the title of plaintiffs was inferior to that of the Producers Corporation of Nevada and William S. Bailey, Jr., as to their respective mineral interests, and quieted title in these two defendants as to such interests; and that plaintiffs were entitled to have their title quieted as to all defendants except the two above named.

Judgment was rendered for the plaintiffs and the Producers Corporation of Nevada and William S. Bailey, Jr. The plaintiffs have appealed insofar as the judgment favors the two owners of mineral interests last named.

We shall refer to the parties as they appeared in the trial court. They occupy the same positions here.

Plaintiffs contend that the judgment quieting title in the defendants to an interest in the minerals was error, because (1) a mineral deed executed by holder of certificate of purchase is in violation of the terms and conditions of the certificate and is therefore void; (2) a mineral deed executed by a certificate of purchase holder, in violation of the provisions of the statutes relating thereto, is void, and the method of transfer provided by statutes is exclusive.

These questions were settled adversely to plaintiffs in Johnson v. Farmers' Union Co-Operative Royalty Co., 205 Okla. 478, 238 P. 2d 831, which holds that the holder of a certificate of purchase of school land has such an interest in the land as entitles him to convey an interest in the minerals therein, and that the recording of such conveyance in the office of the county clerk of the county where the land is located constitutes constructive notice of such conveyance to all subsequent purchasers.

It was also held in Johnson v. Farmers' Union Co-Operative Royalty Co., supra, that the requirements of §§7156 and 7157, c. 69, art. I, R. L. 1910 (§§191-192, 64 O. S. 1951) are applicable only where the holder of a certificate of purchase assigns "all his rights, title and interest" in the land, which is equivalent to an assignment of the certificate of purchase.

We hold that the filing of the mineral conveyance by Anna Cadwell to W. C. Josey in the office of the county clerk of Ellis county, where the land is located, constitutes constructive notice to subsequent purchasers.

The judgment is affirmed.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.