HILLER, Respondent, vs. JOHNSON and others, Receivers, etc., Appellants.

*October 26, 1915—January 11, 1916.*

*Street railways: Injury to passenger boarding car: Degree of care required: Instructions to jury: Experiments before jury as to extent of injury: Husband and wife: Competency as witnesses after divorce judgment: Excessive damages.*

1. The degree of care which those operating an interurban railway are bound to exercise towards passengers about to board a car is the utmost or highest degree of care that the ordinarily prudent man would exercise under similar circumstances, consistent with such mode of transportation.

2. In an action for personal injuries alleged to have been sustained through the negligent starting of an interurban car as plaintiff was attempting to board it, an instruction as to the care which defendants were bound to exercise towards passengers about to board a car was not erroneous on the ground that it assumed that plaintiff was a passenger, where it was given with reference to a question in the special verdict which the jury were to answer only in case they found, in answer to previous questions, facts which constituted plaintiff a passenger, viz. that the car was standing still when he attempted to board it, and that defendants' servants started it while he was in the act of boarding it.

3. Jurors may use their ears as well as their eyes in ascertaining the extent or nature of alleged injuries when no expert knowledge is necessary to do so; and trial courts must be given a wide discretion in determining just how far experiments before a jury may be carried.

4. Thus, where plaintiff alleged an injury to his shoulder joint, it was not error to permit him to move his arm up and down before the jury for the purpose of demonstrating to them that crepitation resulted, evidencing an injured and imperfect joint; nor for his counsel to ask the jury if they heard the sound.

5. Under sec. 2374, Stats., providing in substance that a judgment of divorce shall not affect the status of the parties until one year after its entry, a divorced wife is not a competent witness to testify for or against her husband until after the expiration of the year.

6. An award of $960 for injuries to the knee, shoulder, and side of the face of a man, caused by the negligent starting of an interurban car as he attempted to board it, is *held* not so large as to evidence prejudice or passion on the part of the jury.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Action to recover damages for personal injuries sustained May 10, 1914, while attempting to board one of defendants' cars at the intersection of Fifth and Clybourn streets in the city of Milwaukee. Plaintiff claims that the car stopped at the usual stopping place; that one or more persons boarded it before he attempted to do so; that the car was standing still and the door was open when he attempted to get on. He says he took hold of both handles, put his left foot on the

step of the car, and was in that position when the car suddenly started; that he could not get his right foot on the step; that the speed of the car hurt his foot in the position he was, and that after it had run about forty feet he was compelled to let go; fell and hurt his right knee, left shoulder, and the right side of the face. The negligence charged in the complaint and sought to be sustained by proof was that the car was suddenly started without warning while plaintiff was in the act of boarding it as a passenger.

The action was begun and tried in the civil court and the jury found (1) that the plaintiff was injured while attempting to board one of defendants' cars (answered by the court); (2) that the door of defendants' car was open at the time he attempted to board it; (3) that it was then standing still; (4) that defendants' servants in charge of the car started it while he was in the act of boarding it; (5) that defendants were guilty of a want of ordinary care in so starting the car; (6) that such starting was the proximate cause of plaintiff's injury; (7) that plaintiff was not guilty of any want of ordinary care that proximately contributed to his injury; and (8) damages in the sum of $960. Judgment for plaintiff was entered and the defendants appealed to the circuit court, where the judgment of the civil court was affirmed. From such judgment of affirmance the defendants appealed.

· For the appellants there was a brief by *Edgar L. Wood,* attorney, and *Bull & Johnson,* of counsel, and oral argument by *Mr. Wood.*

For the respondent there was a brief by *Tibbs, Foster & Schroeder,* attorneys, and *A. W. Foster,* of counsel, and oral argument by *A. W. Foster* and *H. B. Walmsley.*

The following opinion was filed November 16, 1915:

VINJE, J. It is claimed that the instruction under the fifth question to the effect that the care imposed upon defendants towards passengers about to board a car was the utmost

or highest degree of care that the ordinarily prudent man would exercise under similar circumstances, consistent with such mode of transportation, was erroneous because it assumed that plaintiff was a passenger. Question number 5 read: "If you answer question 4 'Yes,' then you may answer question 5. Was the defendant guilty of a want of ordinary care in so starting the car?" By its terms question 4 required an answer only in event question 3 was answered in the affirmative. Question 3 read: "Was the car standing still when plaintiff attempted to board it?" Hence the jury were told to answer question 5 only in the event they found the car was standing still while plaintiff attempted to board it and that defendants' servants in charge of the car started it while he was in the act of boarding it. In other words, they were to answer question 5, relative to the duty of defendants to passengers, only in the event they found facts which constituted plaintiff a passenger. There was no assumption of that fact by the court. The jury were required to find it, and in the event they found it the duty of defendants to plaintiff as a passenger was stated to them.

The argument that this court should follow the rule laid down by the New York court in *McGrell v. Buffalo O. B. Co.* 153 N. Y. 265, 47 N. E. 305, and *Stierle v. Union R. Co.* 156 N. Y. 70, 50 N. E. 419, to the effect that the carrier owes passengers the highest degree of care only in respect to roadbed, appliances, and cars and not as to operation, is neutralized by the fact that the first case did not so hold, and the second case, though lending color to the claim, was expressly stated in the opinion for a rehearing not to so hold (*Id.* 684); and in *Koehne v. N. Y. & Q. C. R. Co.* 165 N. Y. 603, 58 N. E. 1089; *S. C.* 32 App. Div. 419, 52 N. Y. Supp. 1085, it was again reiterated that no such doctrine was laid down in the *Stierle Case.*

Plaintiff claimed an injury to his shoulder joint, and he was permitted over the objections of defendants to raise his

arm up and down before the jury for the purpose of demon-
strating to them that crepitation resulted, evidencing an in-
jured or imperfect joint.   While so doing the following oc-
curred: Plaintiff's counsel to a juror: "Do you hear that?"
Juror: "There is a slight noise there."   Plaintiff's counsel
to another juror: "Put your ear to his arm."   Juror: "Yes."
Plaintiff's counsel to the jury: "Do you hear it?"   Jury:
"Yes."   This, in view of the amount of damages assessed, is
claimed to have been prejudicial error.   We see no reason
why jurors may not use their ears as well as their eyes in as-
certaining the extent or nature of alleged injuries where, as
here, no expert knowledge is necessary to do so.   Trial courts
must be given a wide discretion in determining just how far
experiments before a jury may be carried.   Where they do
not border upon the unseemly or are not palpably misleading
or otherwise improper, this court will not criticise them,
much less pronounce them prejudicially erroneous.   Justice
will be promoted rather than thwarted by a little loosening
of the strait-jacket in which trial courts have found them-
selves in the past.   That they will meet the added freedom
with commensurate care and wisdom may be confidently ex-
pected.

It appears that a couple of weeks before the trial a divorce
was granted by a court of this state between plaintiff and
his wife.   The defendants called her to testify to the circum-
stances of plaintiff's returning to Kenosha, his home, upon
the day of the accident.   Plaintiff objected on the ground
that the witness was still his wife and therefore incompetent
to testify for or against him.   The objection was sustained
because under sec. 2374, Stats. 1913, in force at the time the
decree was entered, the decree of divorce did not, for one
year following its entry, affect the status of the parties.
The ruling was correct.   Sec. 2374 provides: "When a judg-
ment of divorce from the bonds of matrimony is granted in
this state by a court, such judgment, so far as it determines

the status of the parties, shall not be effective, except for the purpose of an appeal to review the same, until the expiration of one year from the date of the entry of such judgment," and it is made the duty of the court to so inform the parties appearing in court. Mrs. Hiller at the time of the trial for all purposes of giving testimony was still the wife of the plaintiff notwithstanding the decree of divorce had been entered a few weeks previously. Cases decided under former statutes where the judgment became absolute from the date of its entry can have no bearing upon the question here presented. Nor does the fact that this court in *Rogers v. Hollister,* 156 Wis. 517, 146 N. W. 488, held that the word "husband" as used in a will did not mean a husband from whom the testatrix had been divorced under this statute within a year, militate against the conclusion here reached. In that case the court sought to reach the meaning given the word in a will where the testatrix made a bequest to him if he was her husband at the time of her decease. The question there was not to ascertain the technical legal meaning of the word, but the meaning in which the testatrix used it.

The damages awarded do not appear to be so great as to evince prejudice or passion on the part of the jury. They have been approved by the trial court and we cannot say that such approval was error.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on January 11, 1916.