### BROWN v. CAPPS et al.

No. 20962. Opinion Filed April 4, 1933.

Rehearing Denied June 13, 1933.

James M. Hays, R. E. Stewart, and James M. Hays, Jr., for plaintiff in error.

James F. Lawrence, John T. Harley, Jos. L. Seger, Poe & Lundy, and Biddison, Campbell, Biddison & Cantrell, for defendants in error.

OSBORN, J. This action was commenced in the district court of Okmulgee county by Sarah Brown, nee Colbert, against B. E. Capps, United Royalty Company, a corporation, Mid-Continent Royalty Company, a corporation, and E. M. Byers, to cancel certain conveyances and to recover certain lands theretofore owned by plaintiff.

The cause was tried to the court, who found the issues in favor of defendants and refused to grant plaintiff the relief prayed for, from which ruling and judgment of the trial court plaintiff has appealed.

The record shows that plaintiff is a citizen of the Creek Nation and enrolled on the freedman roll, and that the lands involved were her allotment, including both homestead and surplus, consisting of 160 acres; that in 1912 she married one Steve Williams, and four children were born to this union; that Williams died in November, 1923. The record shows that she and her husband executed oil and gas leases on the land, and that sometime after March, 1920, oil and gas were found in paying quantities on said lands. The record shows that plaintiff was married in January, 1924, to one Hess Brown, and that they were divorced on the 7th day of September, 1925. It is shown that on August 24, 1925, plaintiff executed a deed conveying one-half of her mineral rights in said lands to B. E. Capps, and on September 1, 1925, she made a second mineral grant to B. E. Capps conveying one-half of her interest in the oil and gas rights in 120 acres of said lands, and on September 7, 1925, she made a third conveyance to the said Capps, conveying all of her oil and gas rights in 120 acres and one-half of her oil and gas rights in 40 acres; that on October 9, 1925, she executed a general warranty deed to the 160 acres to Capps, which also conveyed her one-half interest in the oil and gas rights in the 40 acres; that she received as a total consideration for all the said conveyances the sum of $8,125. Through a series of conveyances it appears that the defendants the United Royalty Company and Mid-Continent Royalty Company are the present owners of all the mineral rights, and the defendant E. M. Byers is the owner of the surface rights.

It is shown that Capps has parted with all of his interest in the property, and while he is named as a party defendant and testified herein by deposition, no service of summons was had upon him, and he made no appearance in the action.

The plaintiff alleges: First, that the lands constituted her homestead and that all the deeds originally made by her to Capps were void because they were not signed by her husband, Hess Brown. Plaintiff also alleges that she was addicted to drink, and that one E. R. Kelly, who acted as agent for Capps in securing the deeds from her, supplied her with liquor, which she drank freely, and that she was under the influence of liquor at the time the deeds were signed. She also contends that the consideration received by her was so grossly inadequate as to shock the conscience of the court.

The defendants, among other defenses pleaded, alleged that they were innocent purchasers for value without notice, but the plaintiff contends that such defense must fail since all of the deeds executed by her recited a consideration of $1 and other "good and valuable considerations," which is sufficient to put defendants upon notice as to the inadequacy of the consideration, and that they are thereby precluded from setting up such defense. Plaintiff also contends that the defendants United Royalty Company and Mid-Continent Royalty Company are estopped from pleading that they are innocent purchasers by reason of the provisions of section 2, article 22, of the Constitution, relating to acquiring and holding lands by a corporation.

An examination of the record discloses that the evidence is far from satisfactory on the claim that fraud was practiced upon plaintiff by said Kelly as agent for Capps.

Plaintiff pleads that she was under the influence of intoxicating liquor at the time she executed the various deeds. The evidence, however, relates to her general habits of drunkenness, and an examination of her testimony shows that she did not testify that she was intoxicated at the time of signing the various deeds to the extent that she was unable to understand the nature and consequences of her act. In the case of Miller v. Howard, 76 Okla. 237, 184 P. 773, it is said:

"In an action to set aside a deed on account of the mental weakness of the grantor, the test which is applied is the same as in other forms of mental derangement, namely, that the deed or contract is voidable if the person, at the time of its execution, was so far under the influence of intoxicants as to be unable to understand the nature and consequences of his acts and unable to bring to bear upon the business in hand any degree of intelligent choice and purpose."

See, also, Coody v. Coody, 39 Okla. 719, 136 P. 754.

The record shows that a number of witnesses testified that she was not intoxicated at the time of signing the various deeds.

As to the question of consideration, it appears that the properties were resold for approximately double the amount paid to plaintiff. However, it is a matter of general knowledge that property of this nature fluctuates rapidly in value, and that large profits and large losses are usual and customary in dealing in oil and gas royalties. It is evident that the consideration was less than the actual value of the rights conveyed, but not so inadequate as to shock the conscience of the court, especially where the rights of innocent purchasers have intervened. In the case of Watashe v. Tiger, 88 Okla. 77, 211 P. 415, it is said:

"Generally, mere inadequacy of consideration, in the absence of fraud or duress, is not sufficient ground to avoid a deed, voluntarily and regularly executed."

See, also, Oliver v. Collins, 123 Okla. 33, 251 P. 729; Washington v. Morton, 90 Okla. 143, 216 P. 457; Troup v. Hines, 120 Okla. 282, 251 P. 43.

It appears that two of the deeds were signed by plaintiff while she was married to Hess Brown, but not joined in by him, and that immediately after the divorce decree was entered she signed another of the deeds, and the last deed was executed approximately a month later. The two latter deeds conveyed all of her interest in the lands involved. She contends, in effect, that these two deeds are void for the reason that the period of six months from the date of the divorce had not expired, and that the decree was not effective until that time. However, this question has long been settled in this jurisdiction. In the case of Barnett v. Frederick, 33 Okla. 49. 124 P. 57, Mr. Justice Kane, speaking for the court, said:

"Section 6182, Comp. Laws 1909, which provides that 'every decree of divorce shall recite the day and date when the judgment was rendered in the cause, and that the decree does not become absolute and take effect until the expiration of six months from said time,' must be considered to apply only to that portion of section 6180 of the same chapter which relates to appeals and remarrying within six months following the date upon which the divorce was granted."

See, also, Lewis v. Lewis, 39 Okla. 407, 135 P. 397.

In the case of Wilbrook v. Worten, 137 Okla. 148, 278 P. 388, it is said:

"Under section 509, C. O. S. 1921, a divorce granted at the instance of one party shall be as a bar to any claim of either party in or to the property of the other except in cases where actual fraud shall have been committed by or on behalf of the successful party."

We must, therefore, conclude that the trial court was correct in holding that the two deeds executed subsequent to the date of the decree of the divorce and prior to expiration of six months from said date, were valid and binding and conveyed all of the interest of plaintiff in said lands, and that her husband had no interest therein.

The evidence is ample to sustain the contentions of defendants that they are innocent purchasers. The trial court found that plaintiff could not raise the question of the constitutional inhibition of the defendants under section 2, art. 22, of the Constitution, to hold lands, as this question could only be raised by the state. This question is also well settled in this jurisdiction, contrary to the contention of plaintiff. In the case of Union Trust Co. v. Hendrickson, 69 Okla. 277, 172 P. 440, it is said:

"The state alone can question as ultra vires the acquiring title to and holding real property by a corporation."

See, also, General Bonding & Casualty Insurance Co. v. Oklahoma Fire Insurance

Co., 75 Okla. 55, 181 P. 303; Local Investment Co. v. Humes, 51 Okla. 251, 151 P. 878.

There is no merit in the contention of plaintiff as to the recital of the consideration in the deeds for the reason that, had said inquiry been pursued, it would have shown that the consideration paid was substantial to support the conveyances. An examination of the authorities cited by plaintiff on this point reveals that they do not justify plaintiff's position.

It appears that the judgment of the trial court is not erroneous, and the cause is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur.