[Civ. No. 2710. Fourth Appellate District.—August 19, 1940.]

LILLIAN MAE MEANS, Appellant, v. EDWARD R. MEANS, Respondent.

Claude L. Chambers for Appellant.

Hervey & Holt for Respondent.

BARNARD, P. J.—This is an appeal from a decree of annulment.

On March 9, 1933, the plaintiff was granted a judgment of divorce from her then husband in the State of Wisconsin. Shortly thereafter she came to San Diego to live with her mother. On December 31, 1933, she and the defendant went to Arizona where a marriage ceremony was performed after which they returned to San Diego, where they have since resided. In May, 1939, the plaintiff filed an action for divorce against the defendant and he filed an answer and a cross-complaint, through which he sought to have this Arizona marriage annulled. After a trial the court found that plaintiff's previous marriage had not been dissolved at the time of her marriage to the defendant and a judgment and decree was entered annulling the latter marriage, from which judgment the plaintiff has appealed.

The question presented is as to the effect of the judgment procured by the appellant in Wisconsin. The appellant thus states the question: "Did the judgment of divorce . . . completely dissolve the marriage relation existing between the parties?" That judgment read, in part, as follows:

"It is hereby ordered, adjudged and decreed that the bonds of matrimony heretofore subsisting between the plaintiff and the defendant be and the same are hereby dissolved, and the parties forever freed from the obligations thereof;

"Provided, however, that this Judgment in so far as it determines the status of the parties hereto, shall be effective only in accordance with the provisions which the Wisconsin Statutes in such cases made and provided, and

"Provided, further that neither of the parties hereto, shall be competent to marry until one (1) year from and after the date of entry of this Judgment."

The appellant contends that the entry of this decree completely severed and dissolved the marriage relation existing between the parties to that action; that the reference in the decree to the provisions of other Wisconsin statutes is a refer-

ence to section 245.04 of the revised statutes of that state which provides that if any person residing and intending to continue to reside in that state goes into another state or country and contracts a marriage which is prohibited and declared void by the laws of Wisconsin such marriage shall be null and void in that state; and that the provision in the decree that neither of the parties should be competent to marry within one year has no extra-territorial effect.

In commenting on a former statute of this state which purported to forbid a remarriage within a year after a marriage had been absolutely dissolved, the Supreme Court said, in *Estate of Wood,* 137 Cal. 129 [69 Pac. 900] : ''That the legislature had power to provide for the rendition of a decree of divorce by a court which should not be absolute for the period of one year after its rendition we have no doubt; but that the legislature has failed to so provide by section 61, or even attempted so to do, we also have no doubt.''

The Wisconsin judgment here in question purports to render a decree of divorce which is not to be absolute until the expiration of a year. In the same sentence which provides that the bonds of matrimony are dissolved it is provided that this judgment, in so far as it affects the status of the parties, shall be effective only in accordance with the provisions of the statutes of that state, and further provides that neither of the parties shall be competent to marry until the expiration of one year. Conceding that the last-mentioned provision could have no extra-territorial effect if an effective divorce was otherwise granted, the other provision making the judgment effective only in accordance with the state statutes is still applicable and must be given effect. Among those statutes is section 247.37 of the statutes of that state, as in effect at the time this judgment was entered. This section provides, in brief, as follows: (1) When a judgment or decree of divorce from the bonds of matrimony is granted, so far as it affects the status of the parties, it shall not be effective until the expiration of one year from the date thereof (with certain exceptions not material here). (2) So far as said judgment or decree affects the status of the parties the court shall have power to vacate or modify the same upon its own motion. (3) It shall be the duty of every judge who shall grant a judgment or decree of divorce to inform the parties that the judgment, so far as it affects the status of

the parties, will not become effective until one year after it is granted. (4) Such judgment or decree may be reviewed by an appeal taken within one year from the date it is granted, and such a judgment shall become final and conclusive without further proceedings at the expiration of a year unless an appeal has been taken or unless otherwise ordered.

The judgment here in question not only derived its power and effect from the statutes of that state but it was particularly provided therein that it should not become effective except as provided for in those statutes. These provisos were a part of the judgment and expressly limited the other language used. Under the language of the statutes and of the judgment, an absolute divorce was not granted at the time the judgment was entered and the judgment did not become effective, in so far as changing the status of this appellant to that of a single woman is concerned, until the expiration of a year from the entry of the judgment.

Similar statutes of the state have thus been interpreted by the Supreme Court of Wisconsin. While these statutes have since been amended these amendments have affected nothing which is material here. In *White* v. *White,* 167 Wis. 615 [168 N. W. 704], the court said:

"Until at least the year had gone by from the entry of the judgment in this case on August 5, 1916, the parties hereto were still bound by the marital tie. *Hiller* v. *Johnson,* 162 Wis. 19 [154 N. W. 845]. Until such year elapsed, there was in existence no absolute judgment of divorce and, consequently, no absolute severance of the marital relationship."

And also, "It is evidently the declared purpose and policy of these statutes that until such year has passed the court still has absolute control, and up to the last moment, over the question whether the party seeking the divorce is entitled thereto, and that which has been granted conditionally by the court may be forfeited by the one to whom thus granted by his violation of the conditions attached thereto by law." In *Hiller* v. *Johnson,* 162 Wis. 19 [154 N. W. 845], in speaking of the effect of the statute, it is said: "Mrs. Hiller at the time of the trial for all purposes of giving testimony was still the wife of the plaintiff, notwithstanding the decree of divorce had been entered a few weeks previously. Cases decided under former statutes where the judgment became ab-

solute from the date of its entry can have no bearing upon the question here presented.''

In *Ex parte Soucek,* 101 Fed. (2d) 405, the court said:

''By the laws of Wisconsin, a decree of divorce is not effective until the expiration of one year from the date of the granting of such decree, and if a party to an action for divorce marries before the expiration of one year from the date of the granting of the divorce, such marriage is null and void, and such person cannot evade the force of these laws by marrying in another state or country.''

The appellant seeks to distinguish that case on the ground that there the party in question, after marrying another person in Canada, returned almost at once to Wisconsin to live. But the important thing here is not the existence of a statute forbidding another marriage within a year, but the fact that the statute of that state, which permits such a judgment to be entered, provides that the same, in so far as it affects the status of the parties, shall not be effective for a year after it is entered.

The question here is not one of giving extra-territorial effect to the Wisconsin statute prohibiting another marriage within one year. The controlling matter is whether or not the appellant was divorced from her former husband at the time of her purported marriage to the respondent. Her divorce proceedings were taken under the laws of Wisconsin and those laws must govern. Since her divorce decree had not become effective in Wisconsin in so far as it affected her status as a married woman at the time she went through the marriage ceremony with the respondent, it was not elsewhere effective for this purpose and she was not then divorced from her former husband. The court's findings that at the time in question the appellant was a married woman and had a husband then living, that no judgment or decree of divorce had then become effective, and that her purported marriage with the respondent was null and void are supported by the evidence and by the law.

The judgment is affirmed.

Griffin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 17, 1940.